JULIUS PEZENIK and HARRY BRETTHOLZ, in Behalf of Themselves and of All Other Stockholders of MILBROOK REALTY & DEVELOPMENT CORP., Similarly Situated, Respondents, v. ABRAHAM GREENBERG and DAVID ULLMAN, Individually and as Executors and Trustees of the Last Will and Testament of LOUIS ULLMAN, Deceased, PHILIP ZWICKER and MILBROOK REALTY & DEVELOPMENT CORP., Appellants.— Appeal by defendants from an amended interlocutory judgment entered on October 31, 1935, and from a final judgment entered in the Supreme Court, Special Term, Kings county, on August 17, 1936, which (a) determined and adjudged the number of shares of stock of Milbrook Realty & Development Corp. rightfully owned and held by plaintiffs and by defendants executors and trustees respectively; (b) enjoined defendants from committing any acts tending to depreciate or despoil the property of the corporation; (c) declared to be null and void the acts, resolutions and transactions of the defendants after November 21, 1933, while they purported to act as officers and directors of the corporation; (d) ordered

and adjudged that all certificates of stock of the corporation issued by defendants be canceled and annulled; (e) approved an account between the parties heard and taken by an official referee; (f) ordered and adjudged that the corporation execute and deliver to defendants Abraham Greenberg and David Ullman, as executors and trustees of the last will and testament of Louis Ullman, deceased, its bond and mortgage of the date, in the amount and upon the terms stated in the judgment; (g) ordered and adjudged that the complaint be dismissed as against defendant Greenberg individually, and awarded costs to the plaintiffs against the defendants other than Greenberg individually. Amended interlocutory judgment and final judgment unanimously affirmed, with costs. While the action was brought as one of a derivative nature, it was not such in fact. Equity regards substance rather than form. Under our reformed procedure, even the law has discarded its ancient formalism. The action was tried as a controversy between two groups of individuals to determine their rights and interests in the corporation. No objection was raised at the trial as to the form of the action. All parties necessary to the determination of the issues raised were before the court, including the corporation. We agree with the learned trial court that the proofs were overwhelmingly with the plaintiffs. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.